# BURSOR & FISHER P.A.

1330 Avenue of the Americas,
32nd Floor, New York, NY 10019
www.bursor.com

YITZCHAK KOPEL
Tel: 646.837.7150
Fax: 212.989.9163
ykopel@bursor.com

March 26, 2024

***Via CM/ECF***
Hon. Katherine Polk Failla
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**Re:** ***Hossain et al. v. Mediastar Limited et al.*, Case No. 1:24-cv-01201-KPF-OTW**
**Plaintiffs' Request for a Pre-Motion Conference re: Motion For Alternative Service**

Dear Judge Failla,

I represent Plaintiffs Muzakkir Hossain and Shakhawat Hassan ("Plaintiffs") in the above action. I write pursuant to Sections 2 (B) and (C) of your Honor's Individual Rules of Practice in Civil Cases to seek a pre-motion conference discussing Plaintiffs' intent to file a motion requesting alternative service of process under Fed. R. Civ. P. 4(f)(3). Plaintiffs seek leave to serve process on Defendant Mediastar Ltd. ("Chorki" or "Defendant") through its email address and, for thoroughness, through its social media accounts on Meta/Facebook, Instagram, X/Twitter, and TikTok. For the following reasons, alternative service on Defendant via email and social media is proper and comports with due process.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a business entity in the three methods prescribed by Rule 4(f) for individuals. Fed. R. Civ. P. 4. Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." *Id.* In this district, a "plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *S.E.C. v. Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (emphasis in original); *see also Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377 (S.D.N.Y. 2018) ("[T]he rule does not require a party to serve process by … 4(f)(1) and (f)(2) before a court permits alternative service … under Rule 4(f)(3)."). If "the proposed alternative method of service under Rule 4(f)(3) is prohibited neither by federal law nor international agreement, the [c]ourt may … permit such service, so long as it comports with constitutional due process." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 523 (S.D.N.Y. 2021).

"District courts have sound discretion on whether to allow alternative service under Rule 4(f)(3)." *Allstar Mktg. Grp. LLC v. Happy-Shopping2011*, 2020 WL 3578093, at *2 (S.D.N.Y. July 1, 2020) (Failla, J.) (internal quotations omitted). "Although not explicitly provided for in the Rule," some courts in this district have exercised this discretion by "impos[ing] two additional threshold requirements … [i] a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and [ii] a showing that the circumstances are such that the court's intervention is necessary." *Id.*

## II. PLAINTIFFS HAVE MADE REASONABLE EFFORTS TO SERVE CHORKI

Plaintiffs have "reasonably attempted to effectuate service on" Chorki, and "the [C]ourt's intervention is necessary" here. *Id*. *First*, on February 28, 2024, Plaintiffs attempted to serve Chorki at its corporate address in Dhaka, Bangladesh via FedEx pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii). *See* Zhou Decl. ¶¶ 2–3; Fed. R. Civ. P. 4(f)(2)(C)(ii). The summons and complaint could not be delivered to Chorki at its corporate office listed on its website. *See id.* ¶ 4. *Second*, on March 19, 2024, Plaintiffs made two more attempts to serve Chorki at alternate addresses. *See id.* ¶¶ 5–6. Plaintiffs' second and third attempts to serve Chorki also failed. *See id.* ¶ 7. *Third*, further attempts at service, such as through letters rogatory, are likely to be time consuming, costly, and ineffective. Courts have held that in such situations, requests for alternative service are far from "whimsical," and indeed, are "sensible." *Atlantica Holdings, Inc. v. BTA Bank JSC*, 2014 WL 12778844, at *3 (S.D.N.Y. Mar. 31, 2014) (granting alternative service before the plaintiffs attempted service through letters rogatory). Therefore, Plaintiffs' efforts to serve Chorki and the subsequent results show that court intervention is necessary here.

## III. THE PROPOSED MEANS OF ALTERNATE SERVICE ARE APPROPRIATE

### A. The Proposed Service Methods Consist With International Agreement

For each proposed alternative service method, Plaintiffs "must simply allege that such [method of] service is not prohibited by international agreement." *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020). "There is no international agreement between Bangladesh … and the United States." *Reflex Media, Inc. v. Doe No. 1*, 2022 WL 118301, at *2 (D. Nev. Jan. 11, 2022) (permitting alternative service on Bangladeshi defendant via email and social media).[1] Accordingly, "there is no international agreement prohibiting service via e-mail and international courier." *Id*. Similarly, service via social media is not prohibited by international agreement.

### B. The Proposed Service Methods Comport With Due Process

"To meet th[e due process] requirement, the means of service must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elsevier, Inc.*, 287 F. Supp. 3d at 378 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

"It is well-settled that service by email on foreign defendants meets this standard in an appropriate case." *Id*. "Service by email has been authorized where a plaintiff has supplied ... some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Pearson Educ., Inc. v. Aggarwal*, 2022 WL 3700142, at *3 (S.D.N.Y. Aug. 26, 2022). Here, email service is likely to provide Chorki with reasonable notice.

---

[1] *See* SERVICE OF PROCESS, U.S. DEPARTMENT OF STATE – BUREAU OF CONSULAR AFFAIRS (November 7, 2018), https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (the United States is a party to two treaties on the service of process); *See* SERVICE OF PROCESS, U.S. DEPARTMENT OF STATE – BUREAU OF CONSULAR AFFAIRS (March 28, 2018), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Bangladesh.html (Bangladesh is a party to neither treaty).

Defendant's email address is active, and Defendant regularly monitors and responds to emails sent to support@chorki.com. *See* Zhou Decl. ¶¶ 8–10; *see also* Zhou Decl. Ex. A.

Service of process via social media also comports with due process here. While "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant," additional service through all of Defendant's major social media accounts makes it more likely Defendant will receive notice. *See F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013).

***Meta/Facebook***. Defendant operates and controls the Meta account with the handle "Chorki," and regularly updates its account. *See* Zhou Decl. ¶¶ 11–13, 16. The Meta account lists the same email address and physical address as the ones listed on Defendant's website. *Id*. ¶¶ 14–15; *see also PCCare247 Inc.*, 2013 WL 841037, at *5 (showing a "demonstrated a likelihood that service by Facebook message would reach defendants" where the emails on Meta matched defendants' personal and business emails). Plaintiffs seek to send a message, with the summons and complaint attached, to Defendant's Meta account on the Meta platform, a process "which is not unlike an email." *PCCare247 Inc.*, 2013 WL 841037, at *5.

***Instagram***. Defendant operates and controls the Instagram account with the handle "@chorkiofficial," and regularly updates its account. *See* Zhou Decl. ¶¶ 18–21. Messaging on Instagram is also likely to reach Defendant. *See id.* ¶ 22.

***X/Twitter***. Defendant operates and controls the accounts on X (formerly known as Twitter) with the handles "@chorkisho" and "@chorki_bd," and it regularly updates its accounts. *See* Zhou Decl. ¶¶ 23–27. While X does not allow users to send direct messages to people that do not follow the user, "[s]ome accounts, particularly businesses on X, have enabled a setting to receive Direct Messages from anyone. You can send a Direct Message to these accounts even if they don't follow you."[2] Plaintiffs believe the best practice is to serve Defendant via all of its main social media accounts, including X, as a backup for alternate service of process via email.

***TikTok.*** Defendant operates and controls the TikTok account with the handle "@Chorki," and regularly updates its account. *See id.* ¶¶ 28–31. As with X, Plaintiffs believe serving Defendant through its TikTok account would further provide Defendant notice of the lawsuit. *See id.* ¶ 32.

Accordingly, Plaintiffs have sufficiently shown that Defendant "conducts its business through these means of communication" such that communicating with Defendant through these channels is "reasonably calculated to apprize [Chorki] of the pendency of this action and afford it an opportunity to respond." *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2–3 (W.D.N.Y. May 31, 2002) (granting the plaintiff's request to serve process by email). Although social media service is a relatively novel concept, here, service through social media is not "the sole method of service, but instead," is attempted "to backstop the service upon [the] defendant at [its] … known email address." *PCCare247 Inc.*, 2013 WL 841037, at *5.

---

[2] *See About Direct Messages*, TWITTER: HELP CTR., https://help.twitter.com/en/using-x/direct-messages#basics (last visited Feb. 29, 2024).

Respectfully submitted,

Y. Kopel

Yitzchak Kopel

The Court is in receipt of Plaintiffs' letter regarding their intent to file a motion requesting leave to serve process on Defendant Mediastar Ltd. through its email address and, for thoroughness, through its social media accounts on Meta/Facebook, Instagram, X/Twitter, and TikTok. (Dkt. #16).

The Court waives its pre-motion conference requirement in this instance and hereby GRANTS Plaintiffs' motion for alternative service under Fed. R. Civ. P. 4(f)(3), upon the contents of Plaintiffs' letter and the accompanying declaration of Victoria X. Zhou, Esq. (Dkt. #15), for substantially the reasons set forth therein.

Dated: March 27, 2024
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE