# BURSOR & FISHER

P.A.

**1330 Avenue of the Americas,**
**32nd Floor, New York, NY 10019**
**www.bursor.com**

July 19, 2024

**YITZCHAK KOPEL**
Tel: **646.837.7150**
Fax: **212.989.9163**
**ykopel@bursor.com**

<u>*Via CM/ECF*</u>
Hon. Katherine Polk Failla
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007



**MEMO ENDORSED**

Re:     *Hossain et al. v. Mediastar Limited et al.*, Case No. 1:24-cv-01201-KPF-OTW
        <u>Plaintiffs' Request to Open Discovery</u>

Dear Judge Failla,

I represent Plaintiffs Muzakkir Hossain and Shakhawat Hassan ("Plaintiffs") in the above action. I write pursuant to Sections 2(C) and 3(C) of your Honor's Individual Rules of Practice in Civil Cases and Local Civil Rule Section 7.1(d) to request that the Court open discovery in this action so Plaintiffs may meet their evidentiary burdens under Federal Rule of Civil Procedure 23 for class certification and under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710.

On February 16, 2024, Plaintiffs filed a proposed class action against Defendants Transcom Limited and Mediastar Limited d/b/a Chorki ("Defendants" or "Chorki"), alleging Defendants violated the VPPA by knowingly disclosing personally identifiable information about Chorki users to third parties. On March 26, 2024, Plaintiffs filed a Request for a Pre-Motion Conference re: Motion for Alternative Service ("Alternative Service Motion") with the Court seeking permission to serve process on Chorki through alternative methods pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF Nos. 14-15. The Court granted Plaintiffs' Alternative Service Motion on March 27, 2024. ECF No. 17. On March 29, 2024 Plaintiff's counsel personally served Chorki through email, Meta/Facebook Direct Message, and Instagram Message. Zhou Declaration ("Zhou Decl.") ¶¶ 3-6 (ECF Nos. 18). Although Chorki acknowledged receipt of service via email on April 1, 2024, Chorki did not file an answer or otherwise move. Zhou Decl. ¶ 7. The Court entered Default in this action on July 16, 2024. ECF Nos. 30, 31.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiffs move for leave to seek discovery from third parties before the Parties have conferred as required by Federal Rule of Civil Procedure 26(f). Although the Court set an initial pretrial conference for September 18, 2024, the Parties will be unable to meet and confer because Chorki has not appeared in the case. Further, because Chorki has not appeared in the action, Plaintiffs require discovery from third parties to ascertain the size of the proposed class and prove the elements of their VPPA claim. Specifically, Plaintiffs expect to subpoena third parties Google and Apple for information about the total number of users of Defendants' Chorki App in the United States, including information about the total volume of payments made through these services for the Chorki App and where these payments are going. Similarly, Plaintiffs expect to subpoena third party Stripe, which processes payments on the Chorki Website, for information about the identities of users and the total volume of payments made through the Chorki Website. Plaintiffs also expect to subpoena third-party operators of software used on the Chorki App and Website, to whom Chorki is disclosing information, including Meta, CleverTap, Google Firebase, and Amazon Web Services for

**BURSOR&FISHER**
P.A.

information about the data received from Chorki's Website and App about users and the circumstances surrounding these data disclosures. This information will enable Plaintiffs to move for class certification and to request a default judgment under Federal Rule of Civil Procedure 55(b).

"[D]istrict courts in numerous circuits have authorized discovery against a non-appearing defendant in support of a class certification investigation." *Katz v. Curtis Pharmacy, LLC*, 2023 WL 5769499, at *6 (S.D.N.Y. Sept. 7, 2023); *see also Bruce E. Katz, M.D., P.C. v. Pro. Biling Collections, LLC*, 2021 WL 2418387, *1, *6 (S.D.N.Y. June 14, 2021) (following entry of default, allowing "limited discovery to determine damages, identify class members, determine whether Defendant has the financial ability to pay any judgment, and to bolster the motion [for class certification] with any facts the Court deems necessary"); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."). Plaintiffs should have an opportunity to collect this information, as "Defendant[s] should not be rewarded by avoiding class liability for refusing to appear or file a responsive pleading." *Cranor v. Skyline Metrics, LLC d/b/a Oncedriven*, 2018 WL 11437828, at *2 (W.D. Mo. Dec. 14, 2018).

Accordingly, Plaintiffs respectfully request an Order opening discovery to assist in Plaintiffs' class certification motion and motion for default judgment.

Respectfully submitted,

Yitzchak Kopel

Application GRANTED.  The Court hereby ORDERS Plaintiffs to complete discovery in service of their class certification motion and motion for default judgment on or before **November 29, 2024.** Plaintiffs are further ORDERED to serve a copy of this endorsement upon Defendants via any previously used means of service.

Further, the initial pretrial conference currently scheduled for **September 18, 2024,** is hereby ADJOURNED *sine die*.

The Clerk of Court is directed to terminate the pending motion at docket entry 32.

Dated:    July 22, 2024
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE