# BURSOR & FISHER
P.A.

**1330 Ave. Of The Americas**
**32nd Floor**
**New York, NY 10019**
**www.bursor.com**

**YITZCHAK KOPEL**
Tel: **646.837.7150**
Fax: **212.989.9163**
ykopel@bursor.com

February 21, 2025

<u>*Via CM/ECF*</u>
Hon. Katherine Polk Failla
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Hossain v. Mediastar Limited et al.*, Case No. 1:24-cv-01201-KPF-OTW
      <u>Plaintiffs' Letter Regarding Proposed Briefing Schedule and Jurisdictional Discovery</u>

Dear Judge Failla,

I represent Plaintiffs Muzakkir Hossain and Shakhawat Hassan ("Plaintiffs") in the above action. Pursuant to the Court's instructions at the February 12, 2025 Status Conference and February 19, 2025 TRO Hearing, I write to (1) propose Plaintiffs' briefing schedule for Defendants' forthcoming motion to dismiss, and (2) set forth Plaintiffs' positions on the necessity for jurisdictional discovery prior to Defendants' motion (or at least Plaintiffs' opposition).

On February 18, 2025 at 2:00 p.m. ET, I conferred with Defendants' counsel, Raju Mahajan, via telephone to discuss this proposed schedule and jurisdictional discovery. After the phone call, at 3:41 p.m., I e-mailed Mr. Mahajan a draft of the proposed letter for his review and comment. Mr. Mahajan did not respond with any edits. On February 20, 2025 at 5:01 p.m., my colleague, Max S. Roberts, e-mailed Mr. Mahajan to follow up on any edits to the letter. Again, Mr. Mahajan did not respond. Finally, today at 1:07 p.m., Mr. Roberts again e-mailed Mr. Mahajan and informed him that we would file this letter unilaterally if we did not hear from Mr. Mahajan before 3:00 p.m. ET. Again, Mr. Mahajan did not respond.

Therefore, Plaintiffs have reluctantly filed this letter unilaterally.

## 1.   PLAINTIFFS' PROPOSED BRIEFING SCHEDULE ON MOTION TO DISMISS

To the extent the Court denies Plaintiffs' request to take jurisdictional discovery prior to the filing of Defendants' motion, Plaintiffs respectfully request the following briefing schedule:

> Motion to Dismiss: February 28, 2025
> Opposition: March 24, 2025
> Reply: April 4, 2025

## 2. PLAINTIFFS' POSITION ON THE NEED FOR JURISDICTIONAL DISCOVERY

Per the Court's instruction, the parties met and conferred by videoconference on February 18, 2025 to discuss Defendant's forthcoming motion to dismiss on the grounds on the grounds that the Court lacks subject matter jurisdiction, personal jurisdiction, and *forum non conveniens*.

On the call, counsel for Defendants stated that the Court lacks personal jurisdiction over this action because of a lack of connection between the Defendants and the United States. Plaintiffs requested information regarding the number of Chorki subscribers are located within the United States. Defendants responded that it was approximately a few dozen. Plaintiffs asked whether Defendants would agree to provide jurisdictional discovery to prove this, and Defendants responded that they would not.

Defendants' counsel's estimate of a few dozen subscribers in the United States is at odds with the document production by Apple in this case showing thousands of Chorki subscribers in the United States using iOS mobile application between February 16, 2022 to August 7, 2024 alone. *See* ECF No. 48-8 (filed under seal). This is in addition to discovery produced by other third parties in this case showing additional subscribers, as well as other information in Plaintiffs' possession regarding Defendants' current and former assets in the United States. Plaintiffs are concerned about this disconnect and believe it would be appropriate to seek documentation from Defendants showing the basis for their lowball estimate, given that the number of Chorki subscribers in the United States and revenue derived therefrom will certainly be relevant to Defendants' arguments that the Court lacks personal jurisdiction.

"As courts in this District have long held, dismissal for lack of personal jurisdiction is inappropriate … even where there is no proof that a defendant derives substantial revenue from interstate or international commerce, where that knowledge is peculiarly under the control of the defendant, and may come to light in the course of subsequent discovery." *Dental Recycling N. Am., Inc. v. Stoma Ventures, LLC*, 2023 WL 373143, at *7 (S.D.N.Y. Jan. 24, 2023) (Failla, J.) (internal quotations and punctuation omitted).

As noted at the TRO hearing and in the motion itself, Plaintiffs believe the evidence as it stands is sufficient to show this Court possesses specific personal jurisdiction over Defendants and that Defendants have waived any arguments as to venue. *See* ECF No. 44 at 10-14. However, it does not seem prudent to move forward on briefing this issue while Defendants continue to insist that the evidence gathered is incorrect without providing a basis for such a claim.

Respectfully submitted,

Yitzchak Kopel

CC: All Counsel of Record (via ECF)