**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUZAKKIR HOSSAIN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIASTAR LIMITED<br>d/b/a CHORKI, *et al.*,<br><br>Defendants. | Civil Action No. 24 Civ. 1201 (KPF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION**

## PRELIMINARY STATEMENT

Defendants, MEDIASTAR LIMITED d/b/a CHORKI and TRANSCOM LIMITED, (hereinafter collectively referred to as "Defendants" and/or "Chorki") by and through their undersigned counsel, respectfully submits this Memorandum of Law in support of their Motion for Reconsideration of this Court's verbal order issued on March 17, 2025 (the "Order"), which temporarily restrains and enjoins Chorki from depositing funds processed by U.S.-based payment processors into any account located outside of the United States. As the Court has not yet issued a written order, Defendants request reconsideration based on the material facts and fundamental practical constraints that render compliance with the Court's directive legally and factually untenable.

The Order rests on factual misapprehension: that Chorki (1) operates in the U.S., (2) directly contracts with U.S. payment processors, and (3) maintains U.S. banking infrastructure to retain funds domestically. None of these assumptions are true. As such, following the issuance of the Order, Chorki seeks to clarify key factual inaccuracies that fundamentally impact the feasibility of compliance. Contrary to the Court's premise, Chorki does not engage with U.S. payment processors directly, nor does it maintain any financial infrastructure i.e., bank accounts within the United States that would allow it to retain funds there. Rather, all payments from U.S. consumers are processed through PayPal India and Stripe India, which are subject to Indian financial regulations that mandate immediate fund transfers to an Indian (not U.S.) bank account. Thereafter, the funds are transferred to Chorki's designated bank account in Bangladesh, as neither PayPal nor Stripe operate in Bangladesh.

As such, the injunctive relief imposed by the Court is both legally and practically impossible for Chorki to comply with. This is because no mechanism exists for Chorki to retain

U.S.-sourced funds in the U.S. without unlawfully violating Indian financial regulations. The directive effectively requires Chorki to establish a U.S. business entity, open a U.S. bank account, and deposit all U.S.-generated revenue into that account, despite the fact that Chorki has no legal presence in the United States. This raises a fundamental question: Did the Court intend to compel Chorki to register a business in the United States and maintain a U.S. bank account, despite Chorki's current operational structure? Defendants respectfully submit that such a requirement would be an unprecedented overreach and shall impose undue burdens on a foreign entity with no physical or legal presence in the U.S. Accordingly, Defendants respectfully requests that this Court grant reconsideration of the Order and clarify whether the Court intended such an unprecedented requirement.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are ... committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement,* No. 14-cv 6117 (JPO), 2017 U.S. Dist. LEXIS 74745, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). Reconsideration should be granted when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013)). The standards for reconsideration pursuant to Local Rule 6.3 are identical to those employed to alter or amend a judgment pursuant to Rule 59(e). See Henderson, 502 F.Supp.2d at 375 ("The standards governing motions to alter or

amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument under Local U.S. Dist. LEXIS 6817, at *1-2 (Rule 6.3 are identical."); *Naiman v. N.Y. Univ. Hosp. Ctr.,* No. 95-CV- 6469, 2005 S.D.N.Y. Apr. 21, 2005). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

## ARGUMENTS

### I. THE ORDER OVERLOOKS CHORKI'S LACK OF U.S. TIES, RENDERING COMPLIANCE LEGALLY IMPOSSIBLE

Contrary to the Court's apparent assumption, Chorki does not utilize PayPal USA or Stripe USA and contracts solely with PayPal India and Stripe India operating under Indian laws. Payments made by the small number of U.S. consumers are directed to PayPal India and Stripe India, which operate under Indian regulatory frameworks that do not allow funds to be held indefinitely in a PayPal or Stripe account. Unlike PayPal USA, which permits funds to remain in an account balance at the user's discretion, PayPal India is legally required to transfer received funds directly to a linked bank account without delay. Therefore, Chorki has no mechanism to retain funds in the United States.

Moreover, Chorki does not maintain a U.S. bank account since it has no registered business entity in the United States. The Order, as presently structured, appears to suggest that Chorki should open a U.S. bank account and register a U.S. entity solely for the purpose of depositing U.S. consumer payments—an unprecedented requirement that is both legally

burdensome and commercially unreasonable. If this is indeed the Court's expectation, clarification is necessary.

## II. THE COURT SHOULD CLARIFY ITS POSITION REGARDING "DEPOSITING FUNDS PROCESSED BY PAYMENT PROCESSORS IN THE UNITED STATES"

The Order suggests that the Court intends for Chorki to ensure that all funds, generated by utilizing U.S-based payment processors, remain within the United States. However, it remains unclear whether the Court is directing Chorki to establish a U.S. corporate presence and open a domestic bank account to facilitate such deposits. If so, such a requirement would impose obligations on Chorki that go beyond its existing business model and operational structure.

At present, all payments made by U.S. consumers flow directly to PayPal India or Stripe India, which, due to strict Indian financial laws, must transfer these funds to a local bank account in India. Chorki has no means of circumventing these regulatory requirements, and any attempt to do so would place Chorki at risk of violating Indian banking laws.

## III. THE INJUNCTION IMPOSES AN IMPOSSIBLE BURDEN ON CHORKI

Chorki is a Bangladesh-based company with no registered business entity in the United States. The Court's injunction appears to assume that Chorki maintains a U.S. bank account into which funds can be deposited. However, since Chorki has no such account, compliance would necessitate the creation of a U.S. corporate entity, the opening of a U.S. bank account, and the restructuring of Chorki's entire financial operations—an unreasonable and unwarranted burden.

Given the reality of Chorki's payment structure, the Order, dated March 17, 2025 effectively prohibits Chorki from continuing its lawful business operations. Without the ability to

receive and transfer funds as mandated by Indian financial regulations, Chorki would be left without a lawful mechanism to collect payments from its U.S. customers. Such an outcome is unduly burdensome and creates a severe and unjustified financial constraint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order dated March 17, 2025, clarify its position regarding the requirement to deposit funds processed by payment processors in the United States and ultimately amend and/or correct the temporary restraining order to reflect the realities of Chorki's business operations and regulatory obligations.

Date: March 31, 2025

Respectfully,

By: */s/ Timothy Raju Mahajan*
TIMOTHY RAJU MAHAJAN ESQ.
DC Court BAR ID: MD0163
Phone: (202) 600-0455,
*Counsel for Defendants*