**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MUZAKKIR HOSSAIN, *et al.*,

Plaintiffs,

v.

MEDIASTAR LIMITED d/b/a CHORKI, *et al.*,

Defendants.

Civil Action No. 1:24-cv-01201-KPF

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES**

# Table of Contents


TABLE OF AUTHORITIES 3

Supreme Court of the United States: 3

United States Court of Appeals – Second Circuit: 3

District Court and Other Federal Decisions: 3

STATUTES, REGULATIONS, RULES, AND OTHER AUTHORITIES 4

Federal Rules of Civil Procedure 4

INTRODUCTION 5

PRELIMINARY STATEMENT 5

FACTUAL BACKGROUND 6

A. Jurisdictional Discovery Ordered by the Court 6

B. Plaintiffs' Pattern of Noncompliance and Obstruction 6

LEGAL STANDARDS 7

A. Discovery Must Be Full, Honest, and Responsive 8

B. Rule 26 Requires Proportionality — and Plaintiffs' Refusal Falls Outside Its Protection 8

C. Jurisdictional Discovery Is Especially Protected and Must Be Permitted Where Allegations Are Conclusory 9

D. Privilege Assertions Require Specific Logs or Are Deemed Waived 9

ARGUMENTS 10

A. Plaintiffs Have Stonewalled Core Jurisdictional Discovery 10

B. Plaintiffs' Boilerplate Objections Are Procedurally and Substantively Deficient 11

C. Plaintiffs Have Failed to Substantiate Privilege Claims with a Log 11

D. Plaintiffs' Refusals Obstruct a Fair Resolution of Jurisdiction 12

E. Plaintiffs' Conduct Violates Rule 26's Proportionality Mandate 12

CONCLUSION 13

# TABLE OF AUTHORITIES

## CASES

**Supreme Court of the United States:**


- *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)*
- *Hickman v. Taylor, 329 U.S. 495, 507 (1947)*
- *International Shoe Co. v. Washington, 326 U.S. 310 (1945)*
- *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978))*


**United States Court of Appeals – Second Circuit:**


- *APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)*
- *Filus v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990)*
- *Gucci America, Inc. v. Weixing Li, 768 F.3d 122 (2d Cir. 2014)*
- *In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003)*
- *Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007)*
- *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)*
- *United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996)*


**District Court and Other Federal Decisions:**


- *A.I.A. Holdings, S.A. v. Lehman Bros., Inc., No. 97 Civ. 4978, 2000 WL 1538003, at *2 (S.D.N.Y. Oct. 17, 2000)*
- *Allstate Ins. Co. v. Howell, No. 09 Civ. 4660, 2013 WL 5447152, at *5 (E.D.N.Y. Sept. 30, 2013)*
- *Basile v. Wiggs, 281 F.R.D. 632, 640 (D. Nev. 2012)*
- *Chevron Corp. v. Donziger, 296 F.R.D. 168, 191 (S.D.N.Y. 2013)*
- *Crosby v. City of New York, 269 F.R.D. 267, 278 (S.D.N.Y. 2010)*
- *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 85 (2d Cir. 2013)*
- *Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 75 (D. Mass. 1976)*
- *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013)*

- *Melendez v. Greiner, No. 01 Civ. 07888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003)*
- *Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)*
- *S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 417, 419 (S.D.N.Y. 2009)*
- *Strougo v. BEA Assocs., 199 F.R.D. 515, 522 (S.D.N.Y. 2001)*

## STATUTES, REGULATIONS, RULES, AND OTHER AUTHORITIES

**Federal Rules of Civil Procedure**

- *Rule 26(b)(1) – General Provisions Governing Discovery (Relevance and Proportionality)*
- *Rule 26(b)(5)(A) – Claims of Privilege or Protection of Trial-Preparation Materials*
- *Rule 26(b)(5)(A)(ii) – Privilege Log Requirements*
- *Rule 34 – Production of Documents, Electronically Stored Information, and Tangible Things*
- *Rule 37(a) – Motion for an Order Compelling Disclosure or Discovery*
- *Rule 37(a)(3)(B) – Motion to Compel Discovery*
- *Rule 37(a)(5) – Payment of Expenses; Protective Orders*

## INTRODUCTION

Defendants MEDIASTAR LIMITED d/b/a CHORKI and TRANSCOM LIMITED ("Defendants"), by and through their undersigned counsel, respectfully submit this Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a), seeking an order from this Court compelling Plaintiffs MUZAKKIR HOSSAIN and SHAKHAWAT HASSAN ("Plaintiffs") to respond fully and appropriately to Defendants' interrogatories and requests for production of documents as authorized by this Court's Order dated March 7, 2025. In support thereof, Defendants state as follows:

## PRELIMINARY STATEMENT

This motion arises from Plaintiffs' systematic refusal to provide core jurisdictional evidence relating to their alleged use of the CHORKI video streaming service and the purported sharing of personally identifiable information ("PII") with third parties. Despite this Court's express authorization of limited jurisdictional discovery for the purpose of evaluating personal jurisdiction over foreign Defendants, Plaintiffs have failed to produce a single substantive document or interrogatory response, relying instead on boilerplate objections, meritless claims of privilege, and evasive answers that contravene both the Federal Rules and this Court's directives.

The information sought is not only plainly relevant, it is indispensable. Without documentation concerning Plaintiffs' usage of the CHORKI service, account creation, device data, IP addresses, and third-party data disclosures, Defendants are deprived of their ability to challenge the Court's exercise of jurisdiction over them—a right that is both fundamental and protected by due process. See ***Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); International Shoe Co. v. Washington, 326 U.S. 310 (1945)***.

As demonstrated herein, Plaintiffs' failure to comply with their discovery obligations warrants immediate and decisive intervention.

## FACTUAL BACKGROUND

### A. Jurisdictional Discovery Ordered by the Court

On March 7, 2025, this Court issued an Order authorizing limited jurisdictional discovery, recognizing that Plaintiffs' conclusory assertions of personal jurisdiction required factual substantiation. The Court expressly permitted discovery narrowly tailored to determining whether Plaintiffs accessed or interacted with the CHORKI video streaming platform from within the United States and whether any personally identifiable information ("PII") was transmitted to third parties, including Meta (Facebook), in a manner implicating U.S. jurisdiction.

In response to that order, Defendants served twelve interrogatories and twelve requests for production. These were directly focused on the following jurisdictionally relevant issues:

- Identification of CHORKI account usage, including IP addresses, devices used, and geographic access points;
- Specific dates and methods by which Plaintiffs viewed CHORKI content, and whether they used VPNs or other tools that mask geolocation;
- The identity of any third parties, such as Meta, to whom Plaintiffs allege their data was transmitted;
- Information and documents concerning the so-called "Dynamic Analysis" referenced in the Complaint—allegedly performed by a private research firm to support Plaintiffs' allegations.

### B. Plaintiffs' Pattern of Noncompliance and Obstruction

Despite the narrow scope and direct relevance of the requests, Plaintiffs categorically refused to provide substantive responses or documents. Their responses include generalized objections of overbreadth, burden, and scope, but lack any individualized explanation. Plaintiffs declined to provide even basic factual details such as:

- The email addresses used to register for the CHORKI service;

- Any logs of access or device data from their own usage;
- The identity, methodology, or findings of the private firm that allegedly performed the Dynamic Analysis;
- Any documentation regarding alleged PII-sharing with Meta, even though their Complaint centers on such claims.

To date, Plaintiffs have not produced a single document or interrogatory response substantiating their jurisdictional allegations.

Moreover, they improperly asserted attorney-client privilege and work product protections in response to requests concerning the Dynamic Analysis, yet failed to produce a privilege log as required under Fed. R. Civ. P. 26(b)(5)(A). This refusal is especially problematic because Plaintiffs have made that same analysis the cornerstone of their factual narrative regarding jurisdiction and alleged harm.

Defendants made multiple good-faith efforts to resolve these deficiencies, including sending a formal deficiency letter, initiating telephonic meet-and-confer sessions, and engaging in extended email correspondence. Plaintiffs have refused to amend or supplement their responses. As a result, Defendants are left with no alternative but to seek the Court's intervention.

## **LEGAL STANDARDS**

The Federal Rules of Civil Procedure provide a comprehensive and liberal framework for discovery. Rule 26(b)(1) allows parties to obtain discovery regarding:

> *"Any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."*

Relevance under this standard is construed broadly. The Supreme Court has made clear that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." ***Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also Hickman v. Taylor, 329 U.S. 495, 507 (1947)*** (discovery serves to narrow and clarify issues, not merely uncover admissible evidence).

Additionally, Federal Rule of Civil Procedure 34 governs the production of documents, electronically stored information, and tangible things. It enables a party to request such materials from any other party for the purpose of evaluating claims and defenses, including the determination of personal jurisdiction. The rule is essential for ensuring access to documentary evidence bearing on the merit and procedural viability of a case.

**A. Discovery Must Be Full, Honest, and Responsive**

Parties responding to discovery must do so "honestly, fully and responsively." ***Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 75 (D. Mass. 1976)***, cited with approval in ***S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 419 (S.D.N.Y. 2009)***. Blanket, boilerplate objections to discovery are routinely rejected. See ***Obiajulu v. City of Rochester***, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("Generalized objections are inadequate and tantamount to no objection at all."); ***Melendez v. Greiner***, No. 01 Civ. 07888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003).

Where a party fails to respond or objects without specificity, Rule 37(a) empowers the court to compel disclosure. See ***Fed. R. Civ. P. 37(a)(3)(B)***. In ***Crosby v. City of New York***, 269 F.R.D. 267, 278 (S.D.N.Y. 2010), the court held that "[i]n the face of inadequate responses and improper objections, a motion to compel is entirely appropriate."

**B. Rule 26 Requires Proportionality — and Plaintiffs' Refusal Falls Outside Its Protection**

Under the 2015 amendments to Rule 26(b)(1), proportionality is now explicitly part of the discovery standard. In assessing proportionality, courts consider:

- the importance of the issues at stake;
- the amount in controversy;
- the parties' relative access to information;
- the parties' resources;
- the importance of discovery in resolving the issues;
- whether the burden or expense of proposed discovery outweighs its likely benefit.

Here, the discovery sought is central to the Court's ability to adjudicate a foundational threshold issue: personal jurisdiction. Courts have consistently found that proportionality weighs heavily in favor of jurisdictional discovery, especially when the information is uniquely in the possession of the responding party. See ***Shcherbakovskiy v. Da Capo Al Fine, Ltd.***, 490 F.3d 130, 138 (2d Cir. 2007) ("If a party has access to relevant information... the burden to produce it is minimal."); ***Chevron Corp. v. Donziger***, 296 F.R.D. 168, 191 (S.D.N.Y. 2013) ("[Discovery] is not burdensome when it relates to central factual disputes.").

The discovery requested by Defendants—including IP logs, account identifiers, and details about the so-called "Dynamic Analysis"—falls squarely within what Rule 26 permits and requires. Plaintiffs are in sole possession of these facts, and their refusal to produce them is not just disproportionate—it is obstructive.

**C. Jurisdictional Discovery Is Especially Protected and Must Be Permitted Where Allegations Are Conclusory**

Where a plaintiff's jurisdictional allegations are conclusory, courts grant tailored discovery to test their plausibility. The Second Circuit has long held that district courts may allow jurisdictional discovery where the facts to establish jurisdiction are uncertain or disputed. See ***Filus v. Lot Polish Airlines***, 907 F.2d 1328, 1332 (2d Cir. 1990); ***APWU v. Potter***, 343 F.3d 619, 627 (2d Cir. 2003).

In ***Gucci America, Inc. v. Weixing Li***, 768 F.3d 122 (2d Cir. 2014), the court remanded a dismissal for lack of jurisdiction precisely because the district court had prematurely rejected jurisdictional discovery. Plaintiffs here must produce factual evidence—such as logs, data transmissions, and account details—to support their jurisdictional assertions. Their failure to do so justifies an order compelling compliance.

**D. Privilege Assertions Require Specific Logs or Are Deemed Waived**

If a party withholds documents on privilege grounds, it must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not

produced" in a manner that allows the opposing party to assess the claim. See ***Fed. R. Civ. P. 26(b)(5)(A)(ii)***.

Failure to produce a privilege log can result in waiver. See ***United States v. Constr. Prods. Research, Inc.***, 73 F.3d 464, 473 (2d Cir. 1996); ***A.I.A. Holdings, S.A. v. Lehman Bros., Inc.***, No. 97 Civ. 4978, 2000 WL 1538003, at *2 (S.D.N.Y. Oct. 17, 2000) ("Privilege is waived if not timely asserted with a log.").

Here, Plaintiffs claim that the "Dynamic Analysis" is protected under attorney-client or work-product privilege but have failed to submit any privilege log. They cannot simultaneously rely on this analysis in their Complaint and shield it from discovery. See ***Bilzerian***, 926 F.2d at 1292 (privilege is waived when a party relies on otherwise privileged communications as a basis for a claim or defense).

## ARGUMENTS

### A. Plaintiffs Have Stonewalled Core Jurisdictional Discovery

Defendants served twelve targeted interrogatories and twelve requests for production, each directly tied to this Court's March 7, 2025, Order authorizing jurisdictional discovery. These requests were made pursuant to Rule 34, which entitles a party to seek relevant documents in the possession, custody, or control of another party, and Plaintiffs' refusal to respond contravenes both the letter and purpose of that Rule. Yet Plaintiffs responded with boilerplate objections and a categorical refusal to produce core evidence. The following requests are illustrative:

- **Interrogatory No. 2** asked Plaintiffs to describe when, where, and how they accessed the CHORKI SERVICE, including content viewed, access dates, and tools used (e.g., VPNs). Plaintiffs objected, contending it exceeded the scope of jurisdictional discovery, even though this issue was the specific purpose of the Court's Order.
- **Request for Production No. 1** sought basic identifiers of any CHORKI accounts, including email addresses, devices, IP logs, and registration data. Plaintiffs responded that the information was in Defendants' possession—an assertion that is factually implausible and legally irrelevant, as Defendants cannot identify

account holders or user environments without Plaintiffs' disclosures. VPNs, browser extensions, and email metadata are exclusively within Plaintiffs' knowledge.

- **Interrogatory No. 3 and RFP No. 3** sought factual and documentary details of the "Dynamic Analysis" performed by a private research firm—an analysis referenced repeatedly in the Complaint. Plaintiffs claimed attorney-client privilege but failed to produce a log, in violation of Fed. R. Civ. P. 26(b)(5). See ***Strougo v. BEA Assocs.***, 199 F.R.D. 515, 522 (S.D.N.Y. 2001).
- **Interrogatory No. 6 and RFP No. 6** requested details and documentation of PII allegedly shared with Meta (Facebook), including timing and method of transmission. Plaintiffs declared the requests vague and burdensome, despite having alleged the very same facts in their Complaint.

Courts in this Circuit do not tolerate blanket refusals to provide jurisdictional discovery. In ***Gucci Am., Inc. v. Li***, 768 F.3d 122, 135 (2d Cir. 2014), the Second Circuit held that failure to support jurisdictional allegations with facts following a discovery order warranted dismissal. Plaintiffs cannot rest on allegations while refusing to produce evidence central to the Court's jurisdiction.

**B. Plaintiffs' Boilerplate Objections Are Procedurally and Substantively Deficient**

Courts consistently reject generalized objections as insufficient under the Federal Rules. See ***Melendez v. Greiner***, No. 01 Civ. 07888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003) (blanket objections are inadequate and waive the right to object). Plaintiffs' use of the terms "burdensome," "overbroad," or "outside the scope," without explanation or supporting facts, fails to preserve any valid objection. See ***Basile v. Wiggs***, 281 F.R.D. 632, 640 (D. Nev. 2012) (general objections are waived if not supported by explanation).

Equally without merit is Plaintiffs' contention that Defendants already possess the information. Plaintiffs alone control access to their email accounts, VPN software, and CHORKI usage metadata. Courts in this Circuit reject attempts to deflect production based on speculative overlap. See ***SEC v. Collins & Aikman Corp.***, 256 F.R.D. 403, 417

(S.D.N.Y. 2009) (responding party must produce information within its control even if the requesting party may also have it).

**C. Plaintiffs Have Failed to Substantiate Privilege Claims with a Log**

Although Plaintiffs cite the attorney-client privilege and work product doctrine, they have failed to comply with Rule 26(b)(5)(A), which mandates a privilege log describing the withheld materials with specificity. Courts routinely hold that a failure to provide such a log constitutes a waiver. See ***A.I.A. Holdings, S.A. v. Lehman Bros., Inc.***, No. 97 Civ. 4978, 2000 WL 1538003, at *2 (S.D.N.Y. Oct. 17, 2000).

The omission is especially glaring given that Plaintiffs rely heavily on the so-called "Dynamic Analysis" in support of their allegations. A party cannot use an expert or third-party report as a sword in their pleading while invoking privilege as a shield against scrutiny. See ***United States v. Bilzerian***, 926 F.2d 1285, 1292 (2d Cir. 1991).

**D. Plaintiffs' Refusals Obstruct a Fair Resolution of Jurisdiction**

The burden of establishing personal jurisdiction rests squarely with the plaintiff. See ***Licci ex rel. Licci v. Lebanese Canadian Bank***, SAL, 732 F.3d 161, 167 (2d Cir. 2013). Where jurisdictional facts are disputed, plaintiffs must support their claims with admissible evidence. See ***Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.***, 722 F.3d 81, 85 (2d Cir. 2013). Plaintiffs' refusal to disclose CHORKI account data, geolocation evidence, and disclosures to third parties such as Meta thwarts this fundamental inquiry.

This Court should not allow Plaintiffs to make jurisdictional allegations while concealing the facts required to support or rebut those claims. See ***Allstate Ins. Co. v. Howell***, No. 09 Civ. 4660, 2013 WL 5447152, at *5 (E.D.N.Y. Sept. 30, 2013) (compelling jurisdictional discovery to prevent "litigation by ambush").

**E. Plaintiffs' Conduct Violates Rule 26's Proportionality Mandate**

Plaintiffs' unsupported assertions of burden fail under Rule 26(b)(1), which requires courts to weigh the importance of the discovery relative to the burden. Here, the

requested materials—such as VPN records, email identifiers, account metadata—are easily accessible to Plaintiffs and centrally relevant to the issues at stake.

In ***Chevron Corp. v. Donziger***, 296 F.R.D. 168, 191 (S.D.N.Y. 2013), the court compelled jurisdictional discovery involving email communications and account usage data, reasoning that the documents were both central to the case and in the party's control. See also ***In re Magnetic Audiotape Antitrust Litig.***, 334 F.3d 204, 208 (2d Cir. 2003) (jurisdictional discovery is particularly appropriate where there is uncertainty about contact with the forum state).

The constitutional stakes in asserting jurisdiction over a foreign defendant only heighten the need for complete discovery. Plaintiffs' conduct thus violates the spirit and substance of Rule 26's proportionality standard.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the following relief:

**WHEREFORE, Defendants respectfully request that this Court:**

- **Compel** Plaintiffs to provide full and complete responses to Interrogatories Nos. 2, 3, and 6;
- **Compel** Plaintiffs to produce documents responsive to Requests for Production Nos. 1, 3, and 6;
- **Order** Plaintiffs to produce a privilege log compliant with Rule 26(b)(5)(A) within thirty (30) days;
- **Order** Plaintiffs to comply with all compelled discovery obligations within thirty (30) days of the Court's order;
- **Award** Defendants their reasonable expenses and attorney's fees incurred in connection with this motion pursuant to Rule 37(a)(5);
- **Grant** such other and further relief as the Court deems just and proper.

Date: June 14, 2025

Respectfully,

By: /s/ *Timothy Raju Mahajan*
Timothy Raju Mahajan Esq.
DC Court BAR ID: MD0163
Phone: (202) 600-0455,
*Counsel for Plaintiff*