BURSOR & FISHER P.A.

1330 AVENUE OF THE
AMERICAS, 32ND FLOOR
NEW YORK, NY 10019
www.bursor.com

YITZCHAK KOPEL
Tel: 646.837.7150
Fax: 212.989.9163
ykopel@bursor.com

August 21, 2025

***Via CM/ECF***

Hon. Katherine Polk Failla, U.S.D.J.
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Hossain et al. v. Mediastar Limited et al., Case No. 1:24-cv-01201-KPF-OTW (S.D.N.Y.)*
**Plaintiffs' Letter Motion For Order Specifying Applicability Of Preliminary Injunction Order To GoDaddy, Inc.**

Dear Judge Failla:

Plaintiffs Muzakkir Hossain and Shakhawat Hassan ("Plaintiffs"), by and through undersigned counsel, respectfully request that this Court issue an Order specifying that its Preliminary Injunction Order dated May 6, 2025 (ECF No. 64) (the "Order") precludes GoDaddy Inc. ("GoDaddy") from relinquishing control of www.chorki.com.

The Court's Order held that "Defendants are restrained from … moving the www.chorki.com web domain outside of the United States or removing it from its current United States registrar." ECF No. 64. Plaintiffs have identified GoDaddy as the "current United States registrar" of Defendants' domain. A report listing GoDaddy as the registrar is attached hereto as Exhibit 1. The status of GoDaddy as the correct registrar has not been challenged by Defendant or GoDaddy itself.

On August 5, 2025, Plaintiffs served formal notice of the preliminary injunction order pursuant to Fed. R. Civ. P. 65(d) on GoDaddy. To be sure, the Court's Order is unquestionably binding on GoDaddy. *See* Fed. R. Civ. P. 65(d)(2)(C) ("The order binds … persons who are in active concert or participation" with "the parties" when they "receive actual notice of it by personal service or otherwise").

Nonetheless, GoDaddy insists that it will only comply with "a court order that (1) specifically identifies the domain name and/or product or service at issue; and (2) specifically directs GoDaddy to take a specific action with respect to the domain name and/or product/service at issue." A copy of this correspondence is appended to this letter as Exhibit 2.

Plaintiffs regret to waste the time of the Court in requesting an additional order specifying these self-evident points. However, it is clear that GoDaddy does not intend to

comply with its obligations under the Court's previous orders unless said orders comply with GoDaddy's own internal legal policies.

Plaintiffs therefore request an order from the Court specifying that GoDaddy is precluded from relinquishing control of www.chorki.com until further notice from the Court.

Respectfully Submitted,

Y. Kopel

Yitzchak Kopel

**EXHIBIT 1**

# Historical WHOIS report for chorki.com

## Record(s) by date

- WHOIS record on June 24, 2025
- WHOIS record on December 19, 2024
- WHOIS record on December 8, 2024
- WHOIS record on September 5, 2024
- WHOIS record on June 19, 2024
- WHOIS record on June 6, 2024
- WHOIS record on April 25, 2024
- WHOIS record on March 15, 2024
- WHOIS record on December 6, 2023
- WHOIS record on September 10, 2023
- WHOIS record on September 6, 2023
- WHOIS record on September 6, 2023
- WHOIS record on May 2, 2023
- WHOIS record on September 11, 2022
- WHOIS record on June 13, 2022
- WHOIS record on May 26, 2022
- WHOIS record on September 22, 2021
- WHOIS record on June 26, 2021

- WHOIS record on June 26, 2021
- WHOIS record on March 29, 2021
- WHOIS record on October 25, 2020
- WHOIS record on October 25, 2020
- WHOIS record on October 21, 2020
- WHOIS record on October 21, 2020
- WHOIS record on October 9, 2020
- WHOIS record on September 26, 2019
- WHOIS record on February 15, 2019
- WHOIS record on September 11, 2018
- WHOIS record on June 24, 2018
- WHOIS record on May 16, 2018
- WHOIS record on May 16, 2018
- WHOIS record on February 27, 2018
- WHOIS record on October 30, 2016
- WHOIS record on August 6, 2016
- WHOIS record on April 9, 2016
- WHOIS record on January 13, 2016
- WHOIS record on September 24, 2015
- WHOIS record on June 29, 2015
- WHOIS record on February 3, 2015
- WHOIS record on October 18, 2014

- WHOIS record on November 26, 2013
- WHOIS record on October 15, 2013
- WHOIS record on September 18, 2012
- WHOIS record on March 16, 2012
- WHOIS record on September 26, 2011
- WHOIS record on March 26, 2011

## Statistics

- 46 Historical record(s) found
- 2771 Change(s) detected
- 3 Different domain registrar(s)
- 4 Different domain owner(s)
- 87% Records with public ownership data
- 5260 Day(s) of tracking the domain

# WHOIS record on June 24, 2025

## Domain age

Created Date: September 7, 2013 09:49:59 UTC

Updated Date: September 2, 2024 12:26:49 UTC

Expires Date: September 7, 2025 09:49:59 UTC

## Registrar Name

GoDaddy.com, LLC

## WHOIS Server

whois.godaddy.com

## Name Servers

ARNOLD.NS.CLOUDFLARE.COM|SUSAN.NS.CLOUDFLARE.COM

## Status

clientTransferProhibited

clientUpdateProhibited

clientRenewProhibited

clientDeleteProhibited

**EXHIBIT 2**

**Yitz Kopel <ykopel@bursor.com>**

## Chorki.com

**Courtdisputes@godaddy.com** <Courtdisputes@godaddy.com> Mon, Aug 11, 2025 at 10:56 PM
To: "ykopel@bursor.com" <ykopel@bursor.com>
Cc: "Courtdisputes@godaddy.com" <Courtdisputes@godaddy.com>

Dear Sirs,

This will confirm receipt of your attached correspondence directed to Domains by Proxy, LLC ("DBP"). By way of background, DBP provides a proxy registration service that allows individuals to register a name while maintaining their anonymity. DBP is not a registrar nor is it a hosting provider.

Any request for GoDaddy.com, LLC ("GoDaddy") to take action with respect to a domain name or any other product/service that is the subject of litigation must be accompanied by a court order that (1) *specifically* identifies the domain name and/or product or service at issue; and (2) *specifically* directs GoDaddy to take a specific action with respect to the domain name and/or product/service at issue. Any such court order should be sent directly to courtdisputes@godaddy.com for handling. If your wish is to prevent a domain name from being transferred away from GoDaddy, a court order requiring that the specific domain name be locked will be required.

We understand that the requirements set forth above may require you to obtain a new court order; unfortunately, we must insist that we receive such an order prior to effectuating the requested relief.

Best regards,

Court Disputes

GoDaddy

**31998062_MUZAKKIR HOSSAIN VS. MEDIASTAR LIMITED_Order.pdf**
947K