**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUZAKKIR HOSSAIN, *et al.*,<br>Plaintiffs,<br>v.<br>MEDIASTAR LIMITED d/b/a CHORKI, *et al.*,<br>Defendants. | Civil Action No. 1:24-cv-01201-KPF |

**DEFENDANT'S MOTION TO DROP THE PARTIES**

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** **3**

CASES 3

STATUTES, REGULATIONS, RULES, AND OTHER AUTHORITIES 3

**INTRODUCTION** **4**

**BACKGROUND** **4**

**LEGAL STANDARD TO DROP AND ADD A PARTY** **4**

**ARGUMENT** **5**

A. Plaintiff Shakhawat Hassan is Misjoined Under Rule 20(a) and Should Be Dropped Under Rule 21 5

B. Defendant Transcom Limited Should Be Dropped Because the Complaint Pleads No Operative Conduct and Personal Jurisdiction Is Lacking 6

C. Rule 21 Relief Promotes Judicial Economy, Avoids Prejudice, and Narrows Proof 7

**CONCLUSION** **8**

**EXHIBITS** 10

A. Declaration Of Redoan Rony In Support Of Defendants' Motion To Drop Parties 10

B. Declaration Of Taposh Kumar Barmon In Support Of Defendants' Motion To Drop Parties 10

# TABLE OF AUTHORITIES

**CASES**


- *Bailon v. Pollen Presents*, No. 22 Civ. 6054 (KPF)
- *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154
- *Fometal S.R.L. v. Keili Trading LLC*, No. 22 Civ. 1928
- *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915
- *Jazini v. Nissan Motor Co.*, 148 F.3d 181
- *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552
- *United States v. Bestfoods*, 524 U.S. 51
- *Wyndham Assocs. v. Bintliff*, 398 F.2d 614


**STATUTES, REGULATIONS, RULES, AND OTHER AUTHORITIES**


- Fed. R. Civ. P. 20(a)
- Fed. R. Civ. P. 21
- U.S. Const. amend. XIV

## INTRODUCTION

Defendants Mediastar Limited d/b/a Chorki ("Mediastar") and Transcom Limited ("Transcom") move under Rule 21 to (i) drop Plaintiff Shakhawat Hassan for misjoinder under Rule 20(a) because his allegations do not arise from the same transaction or occurrence as the remaining plaintiff(s) and share no material evidentiary overlap; and (ii) drop Transcom Limited because the Complaint pleads no operative conduct by Transcom and, as to Transcom, personal jurisdiction is absent.

## BACKGROUND

Plaintiff SHAKHAWAT HASSAN was joined in this action alongside another plaintiff asserting claims against Defendants MEDIASTAR LIMITED d/b/a CHORKI and TRANSCOM LIMITED. However, upon review of the pleadings and relevant factual circumstances, it is evident that Mr. Hassan does not share a common factual or legal basis with the other plaintiff in the action. He does not allege any claim arising out of the same transaction or occurrence as the claims asserted by the remaining plaintiff and lacks any direct relationship with the subject matter of the suit.

Similarly, Defendant TRANSCOM LIMITED was improperly named in this action despite having no operational, contractual, or jurisdictional connection to the underlying claims. TRANSCOM LIMITED is a foreign holding company with no business activities, assets, or presence in the United States. The Complaint fails to allege any conduct or participation by TRANSCOM LIMITED related to the events giving rise to the claims. Its inclusion as a defendant is, therefore, improper, and no dispositive motion deadlines will be affected by correcting misjoinder now.

## LEGAL STANDARD TO DROP AND ADD A PARTY

Federal Rule of Civil Procedure 21 provides a straightforward and flexible tool for managing parties to a lawsuit. It states that a court may, at any time and on "just terms," "add or drop a party." This rule works alongside the rules for proper joinder. A court may use Rule 21 to drop a party whose initial joinder was improper under Rule 20 or whose continued presence in

the case would cause delay, confusion, or prejudice. The decision is within the court's sound discretion and focuses on fairness and efficiency.

Federal Rule of Civil Procedure 20(a) sets the requirements for properly joining multiple plaintiffs or defendants. It allows joinder only if (1) the claims arise out of the same transaction or series of transactions, *and* (2) there is at least one question of law or fact common to all of them. These requirements ensure that cases are built around common events and common proof. When a party does not meet this standard, its joinder is improper, and Rule 21 provides the remedy by authorizing the court to drop them from the case. *See Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159–60 (S.D.N.Y. 2009).

Rule 21 also allows for the dismissal of a party over whom the court cannot exercise personal jurisdiction. It is a well-established principle that a parent corporation is not automatically subject to jurisdiction just because its subsidiary is located in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 (2011); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). To "pierce the corporate veil" for jurisdiction, a plaintiff must make specific allegations that the parent company dominated the subsidiary and misused that control. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). When a complaint lacks these necessary allegations, dismissing the party under Rule 21 is proper to avoid unnecessary litigation. *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

## ARGUMENT

### A. Plaintiff Shakhawat Hassan is Misjoined Under Rule 20(a) and Should Be Dropped Under Rule 21

Courts evaluate joinder under Rule 20(a) and dismissal under Rule 21 by examining whether claims arise from the same transaction and share common questions, and whether severance promotes judicial economy, avoids prejudice, and narrows the proof. Each factor supports dismissing Mr. Hassan.

- **No Same Transaction or Occurrence.** Mr. Hassan was never a paid Chorki subscriber and alleges no transactional or contractual relationship with Defendants. His claims are entirely distinct from those of the subscriber-plaintiffs and arise from a separate set of occurrences. In *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013), the court severed plaintiffs' claims because they were based on independent transactions that did not form a single, integrated event.
- **No Substantial Overlap in Proof.** The evidence concerning Mr. Hassan, who he is, his interactions with the service, and any alleged injuries, is unique to him and does not overlap with the proof relevant to the claims of actual subscribers. In *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159–60 (S.D.N.Y. 2009), the court held severance was warranted specifically because the claims required "entirely different witnesses and documentary proof," a situation directly analogous to Mr. Hassan's distinct factual circumstances.
- **Judicial Economy Favors Dismissal**. Forcing Defendants to engage in discovery and motion practice on Mr. Hassan's entirely separate claims would complicate and delay the resolution of the core dispute between the Defendants and the actual subscribers. The Second Circuit in *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968), explicitly endorsed severance under Rule 21 in such circumstances to prevent the expansion of a case with unrelated allegations.

Dismissal under Rule 21 causes no prejudice to any party. Mr. Hassan remains free to pursue his separate claims in a new action, and his removal streamlines this case, avoids jury confusion, and focuses the litigation on the central claims shared by the properly joined plaintiffs.

**B. Defendant Transcom Limited Should Be Dropped Because the Complaint Pleads No Operative Conduct and Personal Jurisdiction Is Lacking**

Courts may drop a misjoined party under Rule 21 where, as here, the complaint fails to establish a basis for that party's involvement in the litigation. The arguments for dismissing Transcom Limited are compelling:

- **No Statutory Basis for Jurisdiction.** The Complaint alleges no conduct by Transcom Limited connected to the OTT platform at issue, naming it only as a foreign holding

company. New York's long-arm statute cannot be satisfied by a mere corporate relationship. In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 (2011), the Supreme Court held that a foreign parent corporation is not subject to jurisdiction in the forum merely because its subsidiary does business there. The Second Circuit in *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184–85 (2d Cir. 1998), further confirmed that a plaintiff cannot rely on a parent-subsidiary relationship alone to establish jurisdiction absent well-pled allegations of control.

- **No Basis for Veil Piercing.** The Complaint offers only conclusory allegations, failing to plead the domination and misuse required to pierce the corporate veil for jurisdictional purposes. In *Bailon v. Pollen Presents*, No. 22 Civ. 6054 (KPF), 2023 WL 5956141, at *3–4 (S.D.N.Y. Sept. 13, 2023), the court held that vague assertions of control are insufficient to impute a subsidiary's contacts to its parent. This principle is rooted in the Supreme Court's decision in *United States v. Bestfoods*, 524 U.S. 51, 61 (1998), which mandates that a parent company's liability or jurisdiction must rest on concrete allegations, not corporate structure alone.
- **No Due Process Minimum Contacts**. Transcom Limited is incorporated in Bangladesh and has no offices, employees, assets, or operations in New York. Without any alleged forum-specific conduct, exercising personal jurisdiction would violate constitutional due process. As reiterated in *Fometal S.R.L. v. Keili Trading LLC*, No. 22 Civ. 1928, 2024 WL 30654, at *2–3 (S.D.N.Y. Jan. 26, 2024), jurisdictional discovery is forbidden when a plaintiff offers only speculation rather than specific facts demonstrating minimum contacts.

Because the Complaint pleads no operative conduct and personal jurisdiction is wholly lacking, retaining Transcom Limited would force unnecessary and costly jurisdictional discovery. Rule 21 provides the appropriate relief to drop this improperly joined party and focus the litigation on the proper defendants and claims.

**C. Rule 21 Relief Promotes Judicial Economy, Avoids Prejudice, and Narrows Proof**

Courts in this District evaluate three main considerations when deciding whether to dismiss or sever parties under Rule 21: judicial economy, potential prejudice, and whether the proof substantially overlaps. Each factor supports dismissal here:

- **Judicial Economy.** Mr. Hassan's unrelated allegations and Transcom Limited's jurisdictional posture would only expand discovery and motion practice without advancing resolution of the core claims. In *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968), the Second Circuit explained that Rule 21 severance is appropriate where the inclusion of parties would complicate and delay the trial..
- **Prejudice.** No party will be prejudiced. Mr. Hassan may pursue his claims separately if he chooses, and Plaintiffs remain free to proceed against the proper defendants. In *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013), the court found severance proper where dismissal would not prejudice the parties because claims could still be pursued separately.
- **Different Proof.** The evidence concerning Mr. Hassan and Transcom is distinct and does not overlap with the proof relevant to the remaining parties. In *Deskovic*, 673 F. Supp. 2d at 159–60, the court held that severance was warranted where the claims required entirely different witnesses and documentary proof.

Because each factor favors dismissal, Rule 21 relief is appropriate to remove both Mr. Hassan and Transcom Limited from this case.

## CONCLUSION

Defendants have participated in this litigation in good faith and refrained from raising premature objections in order to allow the claims to be framed fully and fairly. However, the continued inclusion of parties who have no proper connection to the operative dispute has now created unnecessary complications and prejudice to the efficient resolution of this case. Plaintiff Shakhawat Hassan's claims are factually and legally distinct from those of the other plaintiffs and fail to satisfy the joinder requirements of Rule 20. Likewise, Transcom Limited has no operational role, contractual nexus, or jurisdictional contacts relevant to the claims in this action, making its joinder improper as a matter of law.

**WHEREFORE, Defendants respectfully request that this Court:**

- GRANT Defendants' Motion pursuant to Rule 21 of the Federal Rules of Civil Procedure;
- DROP Plaintiff Shakhawat Hassan from this action on the grounds of improper joinder under Rule 20;
- DROP Defendant Transcom Limited from this action for lack of operative involvement and jurisdictional connection;
- DIRECT that such dismissals be without prejudice, as Rule 21 dismissals are procedural and do not constitute an adjudication on the merits;
- ORDER such further relief as this Court deems just and proper to ensure judicial efficiency and fairness.

Date: August 21, 2025

Respectfully,

By: /s/ *Timothy Raju Mahajan*
TIMOTHY RAJU MAHAJAN ESQ.
DC Court BAR ID: MD0163
Phone: (202) 600-0455
*Counsel for Defendants*

# EXHIBITS

**A. Declaration Of Redoan Rony In Support Of Defendants' Motion To Drop Parties**

**B. Declaration Of Taposh Kumar Barmon In Support Of Defendants' Motion To Drop Parties**

# Exhibit A

# Declaration of Redoan Rony in Support of Defendants' Motion to Drop Parties

CHORKI
FILM | FUN | FOORTI

**DECLARATION OF REDOAN RONY IN SUPPORT OF DEFENDANTS' MOTION TO DROP TRANSCOME LIMITED AS A PARTY**

I, Redoan Rony, declare that,

1. I am the CEO of the OTT platform "Chorki" which is owned and operated by Mediastar Limited ("Mediastar").

2. I have personal knowledge of Transcom Limited's ("Transcom") corporate structure, business operations, and corporate records. Transcom Limited is a company established and organized under the laws of the People's Republic of Bangladesh.

3. Transcom is merely a majority shareholder of Mediastar Limited. Transcom does not manufacture, market, sell, or distribute products or services in the United States. It has no offices, employees, bank accounts, or assets in the United States.

4. Transcom does not operate, control, or manage Mediastar Limited or the Chorki streaming platform's day-to-day activities. Mediastar is a separate corporate entity with its own officers, employees, and management.

5. Transcom's only connection to Mediastar is that Transcome owns shares of Mediastar. It does not enter into contracts on behalf of Mediastar or its customers, nor does it direct or supervise Mediastar's operations.

6. Transcom has never conducted or solicited business in the State of New York or elsewhere in the United States. It has not appointed an agent for service of process in the United States and has never consented to jurisdiction in U.S. courts.

7. To the best of my knowledge, Transcom had no knowledge of, and did not participate in, any of the events alleged in the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 21, 2025

Sincerely,

Redoan Rony
CEO
Mediastar Limited d/b/a Chorki



Head Office
19 Karwan Bazar
Dhaka 1215, Bangladesh
info@chorki.com
+880 2 8180078-81
+880 2 55012200
CHORKI.COM
ChorkiOfficial
ChorkiOfficial

# Exhibit B

# Declaration of Taposh Kumar Barmon in Support of Defendants' Motion to Drop Parties

CHORKI
FILM | FUN | FOORTI

## DECLARATION OF TAPOSH KUMAR BARMON IN SUPPORT OF DEFENDANTS' MOTION TO DROP PLAINTIFF SHAKHAWAT HASSAN AS A PARTY

I, Taposh Kumar Barmon, declare that,

1. I am employed as the Department Lead of Digital Product & Technology by Mediastar Limited d/b/a Chorki ("Mediastar"). I have personal knowledge of the facts stated herein or knowledge based on my review of Chorki's regularly maintained business records, which I am authorized to access.

2. In my capacity, I am familiar with Chorki's subscriber records, payment records, and customer communications for its streaming service, Chorki.

3. I have reviewed Chorki's business records for any account, subscription, or transaction involving Plaintiff Shakhawat Hassan.

4. Based on that review:

a. Mr. Shakhawat Hassan has never had a paid subscription to Chorki during the relevant period alleged in the Complaint.

b. There are no records of any payments, invoices, or billing accounts associated with Mr. Hassan.

c. There are no records of Mr. Hassan accessing Chorki as a paid subscriber during the relevant period.

d. There are no customer service tickets, correspondence, or contractual agreements between Chorki and Mr. Hassan.

5. Chorki's subscription and transaction data are maintained in the ordinary course of business, and I have personally accessed the relevant databases to verify the above.



Head Office
19 Karwan Bazar
Dhaka 1215, Bangladesh
info@chorki.com
+880 2 8180078-81
+880 2 55012200
CHORKI.COM
ChorkiOfficial
ChorkiOfficial

CHORKI
FILM | FUN | FOORTI

6. To the best of my knowledge, Mr. Hassan has no transactional, contractual, or service relationship with Mediastar that would relate to the claims asserted in this action.

I declare under penalty of perjury that the above information is true and correct.

Date: August 21, 2025

Sincerely,

Taposh Kumar Barmon
Department Lead
Digital Product & Technology
Mediastar Limited d/b/a Chorki



Head Office
19 Karwan Bazar
Dhaka 1215, Bangladesh

info@chorki.com
+880 2 8180078-81
+880 2 55012200

CHORKI.COM
ChorkiOfficial
ChorkiOfficial