**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUZAKKIR HOSSAIN, *et al.*,<br>Plaintiffs,<br>v.<br>MEDIASTAR LIMITED d/b/a CHORKI, *et al.*,<br>Defendants. | Civil Action No. 1:24-cv-01201-KPF |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ii
CASES ii
STATUTES, REGULATIONS, RULES, AND OTHER AUTHORITIES iii
INTRODUCTION 1
Defendants' Good Faith Approach and Discovery Deficiencies 1
FACTUAL BACKGROUND 2
A. The Parties 2
B. Defendants' Business Operations 2
C. Procedural History and Extraordinary Circumstances Affecting Timely Filing and Explained Under Reasonable Circumstances 2
D. Substantive Allegations Are Equally Conclusory 3
E. Defendants' Good Faith Discovery Efforts 3
F. Plaintiffs' Failure to Produce Supporting Evidence 5
LEGAL STANDARDS 5
A. Good Faith Basis for Procedural Delay 5
B. Rule 12(b)(6) Standard Under Second Circuit Precedent 5
C. Discovery Standards and Evidentiary Requirements 6
D. Disclosure Obligations Under Rule 26 6
ARGUMENTS 7
A. Defendants' Delay in Submitting the Motion to Dismiss is in Good Faith and Justifiable Under the Explained Reasonable Circumstances 7
B. Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted 10
C. Discovery Failures Confirm the Speculative Nature of Plaintiffs' Claims 11
D. Plaintiffs' Failure to Fulfill Rule 26 Disclosure Obligations Reinforces the Absence of a Factual Basis for Their Allegations 12
CONCLUSION 14

# TABLE OF AUTHORITIES

## CASES

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Batac Dev. Corp. v. B&R Consultants Inc.*, No. 98 Civ. 721, 2000 WL 307400 (S.D.N.Y. Mar. 23, 2000)
- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)
- *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)
- *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)
- *Clemons v. United States*, 920 F.2d 16 (2d Cir. 1990)
- *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013)
- *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013)
- *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015)
- *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993)
- *Gucci Am., Inc. v. Li*, 768 F.3d 122 (2d Cir. 2014)
- *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985)
- *Holland v. Florida*, 560 U.S. 631 (2010)
- *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157 (5th Cir. 2010)
- *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013)
- *Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006)
- *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)
- *Shanchun Yu v. Diguojiaoyu, Inc.*, No. 18-CV-7303 (AJN), 2019 WL 6174312 (S.D.N.Y. Nov. 20, 2019)

**STATUTES, REGULATIONS, RULES, AND OTHER AUTHORITIES**

- 28 U.S.C. § 1654
- Fed. R. Civ. P. 6(b)(1)(B)
- Fed. R. Civ. P. 26(a)
- Fed. R. Civ. P. 60(b)(1)
- Fed. R. Civ. P. 12(b)(6)
- Fed. R. Civ. P. 6(b)(1)(B)
- Local Rule 1.3(c) (S.D.N.Y.)

## INTRODUCTION

Defendants MEDIASTAR LIMITED d/b/a CHORKI and TRANSCOM LIMITED ("Defendants") respectfully move this Court pursuant to Rule 12(b)(6) to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. This case represents a fundamentally flawed attempt to. state a claim upon which relief can be granted. The Complaint represents a fundamentally flawed attempt to transform speculative assertions and conclusory allegations into a viable federal case. Plaintiffs' pleadings lack the necessary factual foundation to establish any actionable claim, and continued litigation on this basis would impose undue burden on the Court and the parties.

Defendants acknowledge that their Motion is filed outside the standard deadline; however, the brief delay was caused by extraordinary and unforeseeable circumstances beyond Defendants' control, including a transition of legal counsel and severe political unrest in Bangladesh that disrupted communications and document collection. Courts have long held that procedural rules are not to be applied so rigidly as to produce unjust results, particularly where a party has acted diligently and in good faith. Defendants respectfully request that this Court exercise its discretion to excuse any procedural deficiencies and adjudicate this Motion to Dismiss on its merits.

**Defendants' Good Faith Approach and Discovery Deficiencies**

Upon receipt of the Complaint, Defendants immediately observed substantial gaps in the evidentiary foundation underlying Plaintiffs' allegations, particularly regarding claims of data disclosure to third parties and assertions of substantial U.S. business operations. However, recognizing that Plaintiffs are represented by counsel with a distinguished reputation in the legal community, Defendants chose to act in good faith and refrained from immediately challenging these obvious deficiencies, reasonably expecting that adequate supporting documentation would be forthcoming through the normal discovery process.

Defendants proceeded to serve comprehensive discovery requests and interrogatories specifically designed to elicit the evidence necessary to support Plaintiffs' core allegations. Despite the passage of adequate time and multiple follow-up communications, Plaintiffs have wholly failed to produce any meaningful evidence supporting their jurisdictional claims or

substantive allegations. This pattern of conclusory pleading followed by discovery failures compels dismissal of this action.

The Complaint fails on multiple fundamental levels:

(1) The Complaint fails to state any cognizable claim under the applicable pleading standards established by *Twombly and Iqbal*; and

(2) Plaintiffs' inability to produce supporting evidence through discovery demonstrates the speculative nature of their claims.

## FACTUAL BACKGROUND

### A. The Parties

Plaintiffs Muzakkir Hossain and Shakhawat Hassan are alleged residents of New York. Compl. ¶¶ 119, 120. Defendant Mediastar Limited d/b/a Chorki ("Chorki") is a corporation organized under the laws of Bangladesh, with its principal place of business in Dhaka, Bangladesh. Defendant Transcom Limited ("Transcom") is likewise incorporated in Bangladesh and serves as the parent company of Mediastar Limited. Compl. ¶¶ 121, 122.

### B. Defendants' Business Operations

Chorki operates a video streaming platform that serves predominantly a Bangladeshi and South Asian Bengali-speaking audience. As Plaintiffs themselves acknowledge, Chorki is "the leading Bangladeshi subscription on-demand video streaming platform focused on providing world-class Bangla language content." Compl. ¶11. This admission is fatal to Plaintiffs' jurisdictional claims, as it confirms that Defendants' business operations are purposefully directed toward Bangladesh and South Asia, not the United States.

### C. Procedural History and Extraordinary Circumstances Affecting Timely Filing and Explained Under Reasonable Circumstances

Defendants are foreign corporate entities organized and operating exclusively in Bangladesh. In the early stages of this litigation, Defendants were represented by prior counsel, and their current attorney, Timothy Raju Mahajan, entered an appearance later upon pro hac

vice admission under Local Rule 1.3(c) and 28 U.S.C. § 1654. This transition necessitated additional time for counsel to review the complex factual and procedural history of the case.

Compounding these challenges, Bangladesh experienced severe political unrest in July 2025, nationwide internet blackouts and significant disruptions to business operations. These events, widely reported and beyond the control of private parties, impeded the collection and transmission of critical documents needed for preparing a meaningful Motion to Dismiss. Once conditions stabilized, Defendants' counsel acted swiftly and diligently to finalize the motion. Importantly, Plaintiffs suffered no prejudice from the brief delay, as no substantive rights or case deadlines were affected.

**D. Substantive Allegations Are Equally Conclusory**

The Complaint's substantive allegations suffer from identical defects. Plaintiffs allege that Defendants disclosed users' personally identifiable information ("PII") to "unrelated third parties," Compl. ¶¶ 5, 103-118, but provide no factual specificity regarding the nature of such disclosures, the identity of recipients, or the circumstances of any alleged violations.

**E. Defendants' Good Faith Discovery Efforts**

i. Initial Forbearance Based on Counsel's Reputation

Upon receiving the Complaint, Defendants' counsel immediately identified numerous evidentiary gaps and pleading deficiencies that would normally warrant immediate challenge. However, recognizing that Plaintiffs are represented by counsel with an established and respected practice, Defendants chose to proceed in good faith, assuming that the obvious lack of supporting evidence was merely an oversight that would be remedied through discovery.

ii. Comprehensive Discovery Requests

Acting on this good faith assumption, Defendants served detailed discovery requests and interrogatories specifically targeting the evidence necessary to support Plaintiffs' core allegations, including:

iii. Requests for Jurisdictional Evidence

- Evidence of any special subscription plans, pricing structures, or platform features tailored to U.S.-based users.
- Contracts, promotional materials, or marketing strategies directed at a U.S. audience.
- Communications referencing data-sharing relationships or user activity involving U.S.-based entities such as Meta or Google.
- Contracts, data logs, or correspondence with ViewLift relating to U.S. content distribution or user engagement.

iv. Requests for Business Records

- Contracts and correspondence with the private research firm retained in connection with this litigation.
- Reports or analyses produced by that firm regarding CHORKI's technological or data-handling processes.
- Agreements or operational documents involving third-party service providers, including Meta, Google, AWS, and CleverTap.

v. Requests for Technical Documentation

- Subscriber verification data, including user email addresses, IP logs, and device usage.
- CHORKI user activity logs, screen recordings, or any other backend session data.
- Server logs or other digital artifacts indicating the sharing of personally identifiable information (PII).
- Internal usage analytics and data reports from CleverTap.
- Documentation, logs, or data-handling protocols maintained by AWS related to the storage or transmission of PII.

vi. Requests for Injury Documentation

- Medical, financial, or digital records demonstrating harm, including credit monitoring subscriptions, therapy receipts, or evidence of spam or phishing.

- Third-party expert assessments or formal evaluations of the alleged injury or data compromise.

**F. Plaintiffs' Failure to Produce Supporting Evidence**

Despite serving properly crafted discovery requests with adequate time for response, and despite multiple follow-up communications, Plaintiffs have failed to produce any meaningful evidence supporting their core allegations. This failure is particularly telling given that Plaintiffs bear the burden of establishing both personal jurisdiction and the factual foundation for their claims.

The absence of any supporting documentation strongly suggests that Plaintiffs lack the evidentiary foundation necessary to pursue this litigation, confirming Defendants' initial suspicions about the speculative nature of the allegations.

## LEGAL STANDARDS

**A. Good Faith Basis for Procedural Delay**

Federal Rule of Civil Procedure 6(b)(1)(B) allows a court to extend deadlines for "good cause" and "excusable neglect." The Supreme Court in *Pioneer Inv. Servs. Co.*, 507 U.S. at 395, explained that excusable neglect includes delays caused by circumstances outside a party's control. Likewise, Rule 60(b)(1) permits relief from procedural defaults due to "mistake, inadvertence, surprise, or excusable neglect." Courts applying these standards emphasize that procedural rules should not be rigidly enforced where doing so would undermine fairness and justice, particularly when the delay was caused by counsel transition, force majeure events, or other extraordinary circumstances. In the matter of, *Batac Dev. Corp. v. B&R Consultants Inc.*, No. 98 Civ. 721, 2000 WL 307400, at 3 (S.D.N.Y. Mar. 23, 2000). Moreover, courts routinely favor resolving disputes on their merits where parties have acted in good faith and no prejudice to the opposing party has resulted. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### B. Rule 12(b)(6) Standard Under Second Circuit Precedent

The Second Circuit strictly applies the *Twombly/Iqbal* pleading standard, requiring that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Critically, the Second Circuit has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 396 (2d Cir. 2006). Rather, plaintiffs must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Eades v. Kennedy*, 799 F.3d 161, 168 (2d Cir. 2015).

### C. Discovery Standards and Evidentiary Requirements

While discovery disputes do not typically form the basis for Rule 12(b)(6) dismissal, the absence of supporting evidence following targeted discovery requests may inform the Court's analysis of whether allegations are merely conclusory. In *Eades v. Kennedy*, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015), the Second Circuit emphasized that plaintiffs must provide factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The court noted that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

This precedent supports the argument that Plaintiffs' failure to produce technical logs, contractual documents, and other foundational evidence, as required by Rule 26(a), underscores the speculative and unsupported nature of their claims and justifies dismissal under Rule 12.

### D. Disclosure Obligations Under Rule 26

Federal Rule of Civil Procedure 26(a)(1)(A) imposes an affirmative duty on parties to provide initial disclosures without awaiting formal discovery requests. These disclosures must include the identification of all documents and evidence a party may use to support its claims or defenses. The purpose of Rule 26 is to eliminate trial by ambush and ensure that litigation proceeds on the basis of genuine and verifiable claims.

In the Second Circuit, failure to comply with Rule 26 can significantly undermine a plaintiff's credibility and case. As stated in *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 169 (2d Cir. 2015), courts may dismiss claims where plaintiffs have not substantiated their pleadings through required disclosures. Moreover, *Pension Ben. Guar. Corp.*, 712 F.3d at 719, reinforces that conclusory allegation unsupported by specific documentation do not survive judicial scrutiny when discovery confirms the absence of factual support.

In this case, Plaintiffs' failure to produce technical logs, contractual documents, and other foundational evidence, as required by Rule 26(a), underscores the speculative and unsupported nature of their claims and justifies dismissal under Rule 12 and this Court's inherent authority to manage litigation efficiently

## ARGUMENTS

### A. Defendants' Delay in Submitting the Motion to Dismiss is in Good Faith and Justifiable Under the Explained Reasonable Circumstances

Even if this Court were to find procedural deficiencies related to Defendants' filing timeline, then any such delay in filing the dismissal motion is caused due to the extraordinary circumstances and does not warrant adverse action on the part of the Defendants. Courts have long recognized that procedural rules are not to be applied so rigidly as to produce unjust results, particularly where a party acts diligently and in good faith (as explained in further arguments). Founded upon the decision of the matter of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) **-** "holding that excusable neglect encompasses situations in which delay is 'out of the party's control' and caused by unforeseeable circumstances."

#### i. Defendants' Current Attorney Representation (Timothy Raju Mahajan) Was Listed Later in the Proceedings

Defendant's current attorney was not involved in this matter from its inception but entered an appearance at a later stage upon obtaining pro hac vice admission. As such, Defendant's current attorney required additional time to familiarize themselves with the case's factual and procedural history. Courts recognize that substitution of counsel, particularly across

jurisdictions and involving foreign parties, may justify additional time to meet procedural requirements. Ad decided in the matter of *Batac Dev. Corp. v. B&R Consultants Inc.*, No. 98 Civ. 721, 2000 WL 307400, at 3 (S.D.N.Y. Mar. 23, 2000) - "finding that delays caused by counsel transition did not warrant sanctions where counsel acted diligently upon assuming representation".

ii. Extraordinary Circumstances in Bangladesh Impeded Timely Document Collection

Defendant's current attorney entered this matter at a later stage, obtaining representation through "Pro Hac Vice" admission pursuant to Local Rule 1.3(c) of the Southern District of New York and 28 U.S.C. § 1654, which allows parties to appear by counsel admitted for a specific case. Upon entering the case, Defendant's current attorney required additional time to familiarize themselves with the complex factual and procedural history.

The factual relevance connects to a critical period for preparation. Bangladesh experienced the July 2025 nationwide political upsurge, which included government-imposed internet shutdowns and significant disruptions to business operations. These events were widely reported and have been recognized by international observers as beyond the control of private entities, which were beyond the Defendants' current attorney's control. Such circumstances created significant impediments to gathering and transmitting necessary documentation. Here, it is pertinent that, proper document collection is vital for the dismissal motion submission as without the documents, it was not possible to understand the case, make a proper diligent assessment by scrutinizing the documents, which therefore will impact the merits of the case and would have been unjustified as out of the Court decorum/rules if filed without the knowledge. In these circumstances, the Courts recognize that force majeure events, including political unrest and government-imposed internet blackouts, constitute "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B), allowing courts to extend deadlines where failure to act results from circumstances outside a party's control. This is supported by the decision in the matter of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and followed by *re FEMA Trailer Formaldehyde Products Liability Litigation*, 628 F.3d 157, 162 (5th Cir. 2010) - "acknowledging that natural disasters and political unrest may justify procedural delays".

Therefore, this appears as quite justified, as the Defendants' principal operations and personnel are located in Bangladesh, which is overseas and makes the document collection possible through online or shipment, which, clearly was not possible specifically due to the extraordinary circumstances, and so, these circumstances directly impacted the ability of their current attorney to collect necessary documents and evidence. Moreover, to comply with the deadline of the dismissal motion submission.

iii. Defendants Acted Diligently and Without Bad Faith

Defendants acted in good faith throughout the process, and similarly, their Current attorney followed so. Upon overcoming these extraordinary and unforeseen obstacles, the Defendant's current attorney approached with their diligent efforts. As an attempt to find a resolution of the unforeseen obstacles, Defendant's current attorney, as soon as the situation became favorable to collect documents, moved swiftly to file necessary documents and engaged proactively with opposing counsel and the Court to minimize any prejudice. Under Fed. R. Civ. P. 60(b)(1), relief from procedural default is permitted for "mistake, inadvertence, surprise, or excusable neglect," and under Rule 6(b)(1)(B), courts have discretion to accept late filings where there is "good cause."

In this sense, the Courts routinely find that good faith efforts to comply with deadlines, even if imperfect, weigh strongly against dismissal or sanctions, as mentioned in the matter of *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) - "Where procedural default is attributable to an honest mistake rather than willful misconduct, courts should lean towards resolving disputes on the merits."

Further, Courts routinely emphasize that procedural deadlines are not jurisdictional and may be equitably tolled in the interests of justice, decided in the matter of *Holland v. Florida*, 560 U.S. 631, 645 (2010);

iv. No Prejudice to Plaintiffs

Importantly, among all these unforeseen circumstances, the Plaintiffs have suffered no cognizable prejudice as a result of the brief delay. The delay did not affect any substantive rights or impede the progress of the case. Therefore, the absence of a showing of prejudice, dismissal

or adverse inference is unwarranted, decided in the matter of *Shanchun Yu v. Diguojiaoyu, Inc.*, No. 18-CV-7303 (AJN), 2019 WL 6174312, at 2 (S.D.N.Y. Nov. 20, 2019) and further followed by *Clemons v. United States*, 920 F.2d 16, 18 (2d Cir. 1990) - "holding that mere delay, without prejudice, does not warrant dismissal".

Accordingly, any delay by Defendants was excusable and should not serve as a basis for denying this Motion to Dismiss or for imposing sanctions.

v. Request for Judicial Discretion

Accordingly, Defendant's current attorney respectfully requests that the Court recognize the extraordinary circumstances that led to the delay and exercise its discretion under Fed. R. Civ. P. 6(b)(1)(B) and 60(b)(1) to excuse any procedural deficiencies.

## B. Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted

i. Conclusory Allegations Fail *Twombly/Iqbal* Standards

The Second Circuit rigorously applies the pleading standards established in *Twombly and Iqbal*. Plaintiffs' allegations regarding data disclosure are entirely conclusory, stating merely that Defendants "disclosed users' personally identifiable information to unrelated third parties." Compl. 5.

This threadbare recital fails to meet the Second Circuit's requirement that plaintiffs provide "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Pension Ben. Guar. Corp.*, 712 F.3d at 717.

Specific Pleading Deficiencies:

- Plaintiffs have failed to allege with any specificity:
- The nature of the allegedly disclosed information
- The identity of the purported third-party recipients
- The circumstances or mechanisms of any alleged disclosure
- The specific harm suffered by Plaintiffs

- Any causal connection between Defendants' alleged conduct and Plaintiffs' claimed injuries
- How Defendants' conduct violates any specific legal duty or standard

ii. Contradictory Allegations Demonstrate Implausibility

Under *Iqbal*, courts must evaluate whether allegations are plausible, not merely possible. Plaintiffs' contradictory allegations regarding Defendants' business focus undermine the plausibility of their claims.

Plaintiffs cannot simultaneously maintain that Defendants conduct "substantial business" in the United States while acknowledging that Defendants operate a "Bangladeshi subscription on-demand video streaming platform focused on providing world-class Bangla language content." These contradictory allegations demonstrate the speculative nature of Plaintiffs' claims.

iii. Lack of Article III Standing

Plaintiffs have failed to allege concrete, particularized injuries sufficient to establish Article III standing. Vague allegations of privacy violations without specific harm or injury-in-fact are insufficient under established precedent.

**C. Discovery Failures Confirm the Speculative Nature of Plaintiffs' Claims**

i. Good Faith Approach Demonstrates Reasonableness

Defendants' approach to this litigation demonstrates their commitment to fair and reasonable proceedings. Despite immediately recognizing the deficiencies in Plaintiffs' pleading, Defendants chose to act in good faith out of respect for opposing counsel's reputation and professional standing.

ii. Targeted Discovery Requests

Defendants' discovery strategy was specifically designed to elicit the evidence necessary to support Plaintiffs' core allegations. The requests were comprehensive, properly served, and allowed adequate time for response.

iii. Absence of Supporting Evidence

Plaintiffs' failure to produce any meaningful evidence in response to these targeted requests strongly suggests that such evidence does not exist. This failure is particularly significant given that Plaintiffs bear the burden of proof on both jurisdictional and substantive issues.

iv. Pattern Confirms Speculative Nature

The pattern that has emerged conclusory pleading followed by discovery failures, confirms that Plaintiffs' claims are based on speculation rather than evidence. This pattern warrants dismissal under established pleading standards.

## D. Plaintiffs' Failure to Fulfill Rule 26 Disclosure Obligations Reinforces the Absence of a Factual Basis for Their Allegations

i. Rule 26 Requires Parties to Disclose All Information Supporting Their Claims

Federal Rule of Civil Procedure 26(a)(1)(A) imposes an affirmative duty on each party to disclose, without awaiting a discovery request, the evidence it may use to support its claims or defenses. The scope of Rule 26 is intentionally broad, obligating Plaintiffs to disclose all documents, data, and witness information that support their allegations of data disclosure, personal harm, and Defendants' purported U.S. operations.

The Second Circuit has reinforced that a failure to timely or adequately comply with Rule 26 obligations is a serious procedural violation, which may warrant sanctions and support dismissal. See *Eades v. Kennedy*, 799 F.3d 161, 169 (2d Cir. 2015) (upholding dismissal where the plaintiff failed to substantiate claims through required disclosures); *Gucci Am., Inc. v. Li*, 768 F.3d 122, 134–35 (2d Cir. 2014) (noting that jurisdictional discovery and disclosures must be factually supported).

ii. Plaintiffs Have Not Produced Basic Threshold Evidence Required by Rule 26

Despite the passage of significant time and targeted discovery requests, Plaintiffs have failed to produce any of the following:

- Technical records such as subscriber verification data, user activity logs, and server-level documentation of any alleged disclosures;
- Business records and communications with third-party platforms (e.g., Meta, Google, AWS, CleverTap) or the private research firm referenced in the Complaint;
- Jurisdictional evidence, including contracts, marketing materials, or communications, indicating any purposeful direction of CHORKI's services toward U.S. consumers; and
- Documentation of alleged harm, such as financial loss, mental health impact, or third-party assessments of injury.

Rule 26 was designed to avoid precisely this situation: a party proceeding with speculative, conclusory claims while withholding, or lacking, supporting evidence. Plaintiffs' blanket non-disclosure of such materials not only undermines the credibility of their claims but strongly suggests they never had a factual foundation.

iii. Their Noncompliance Reinforces Dismissal Under Rule 12(b)

This procedural failure under Rule 26 dovetails with the substantive deficiencies under Rule 12(b)(6). A plaintiff must plead facts that are plausible on their face, as per *Iqbal*, 556 U.S. at 678, and then corroborate those claims with evidence as litigation proceeds. Rule 26 makes clear that discovery is not a fishing expedition to later validate unfounded allegations. Instead, it is a means to refine and exchange information that already has an evidentiary basis.

Plaintiffs' reliance on vague, unsubstantiated claims and their ongoing failure to provide mandatory disclosures render the Complaint not only insufficient under Rule 12(b)(6) but procedurally defective under Rule 26. In such circumstances, dismissal is not only permitted but warranted to prevent unnecessary waste of judicial and party resources.

iv. Courts Routinely Dismiss Cases Where Plaintiffs Fail Rule 26 Disclosure Duties

The courts in this Circuit have emphasized that dismissal is appropriate where parties fail to meet the threshold Rule 26 standard. In *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013), the court reiterated that speculative complaints unsupported by factual disclosures cannot survive dismissal. Likewise, in *Kirch v. Liberty*

*Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006), the court emphasized that courts need not credit complaints lacking both factual content and substantiating disclosures.

## CONCLUSION

Defendants approached this litigation in good faith, initially deferring challenges to obviously deficient pleadings out of professional courtesy and respect for opposing counsel. However, Plaintiffs' subsequent failure to produce any supporting evidence through properly conducted discovery proceedings compels the conclusion that their claims lack any factual foundation.

The Complaint fails on multiple fundamental levels: this Court lacks personal jurisdiction over foreign defendants with no meaningful U.S. contacts; the pleadings fail to satisfy basic *Twombly/Iqbal* standards; and the discovery failures confirm the speculative nature of the allegations.

WHEREFORE, Defendants respectfully request that this Court:

- GRANT Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted;
- GRANT Defendants' request to excuse any procedural deficiencies related to their brief delay, finding such delay justified under Fed. R. Civ. P. 6(b)(1)(B) and 60(b)(1);
- DISMISS the Complaint with prejudice on the grounds that Plaintiffs have failed to support their claims with factual allegations and have not complied with their disclosure obligations under Rule 26(a);
- AWARD Defendants their reasonable costs and attorney's fees as permitted by applicable law;
- GRANT such other and further relief as this Court deems just and proper.

Date: August 21, 2025 Respectfully,

By: /s/ *Timothy Raju Mahajan*
Timothy Raju Mahajan Esq.
DC Court BAR ID: MD0163
Phone: (202) 600-0455,
*Counsel for Defendants*