raju law

4520 East West Highway
Suite 780
Bethesda, MD 20814

Timothy Raju Mahajan
Mahajan Law LLC
202-600-0455
Email: raju@rajulaw.com

**August 31, 2025**

***Via ECF***

Hon. Katherine Polk Failla

Thurgood Marshall U.S. Courthouse

40 Foley Square

New York, NY 10007

Re: *Hossain et al. v. Mediastar Limited et al., Case No. 1:24-cv-01201-KPF*

**Defendants' Letter-Motion in Opposition to Plaintiffs' Letter-Motion for a Clarifying Order**

Dear Judge Failla:

Defendants respectfully submit this opposition to Plaintiffs' August 21, 2025, letter motion (ECF No. 81), which seeks an order specifying that this Court's May 6, 2025, Preliminary Injunction (ECF No. 64) applies to non-party GoDaddy, Inc.

1. **The TRO and Preliminary Injunction Already Define Defendants' Obligations**

As the Court is aware, the Order to Show Cause and Temporary Restraining Order (ECF No. 51) restrained Defendants from:

- Moving the chorki.com domain outside the United States,
- Switching U.S.-based payment processors to foreign processors, and
- Depositing funds into foreign accounts.

The Preliminary Injunction Order (ECF No. 64) subsequently continued these restraints. Both orders are directed at Defendants and those acting in concert with them, not neutral third

parties like GoDaddy. Plaintiffs' request for further "specification" is unnecessary because the injunction already speaks for itself, and Defendants remain in full compliance. Defendants have complied with all obligations under the TRO and Preliminary Injunction Orders and have no intention of moving the www.chorki.com domain from its current registrar, GoDaddy.

2. **Plaintiffs' Request Risks Severe and Irreparable Harm to Defendants**

Furthermore, any action by GoDaddy that restricts Defendants' access to the domain based on an overly broad interpretation of the Court's Order would cause severe and irreparable harm to Chorki's business. Such an outcome would disrupt Defendants' operations and, critically, would render them unable to comply with any future orders of this Court regarding financial accounts or other injunctive relief, as the business would be destroyed.

3. **Plaintiffs Improperly Seek to Bind a Neutral Non-Party**

Rule 65(d)(2) extends injunctions only to parties, their agents, and those "in active concert or participation" with them. The Supreme Court has made clear that injunctions do not bind "the world at large." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945); *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832–33 (2d Cir. 1930).

GoDaddy is a registrar with no alleged collusion or agency relationship with Defendants. Plaintiffs' correspondence (ECF No. 81, Ex. 2) demonstrates only that GoDaddy requires a more specific order before acting. That is a dispute between Plaintiffs and GoDaddy, not evidence of Defendants' misconduct.

4. **Plaintiffs' Burden and Overreach**

Plaintiffs admit their request is "self-evident," yet still seek to expand the injunction's scope. Courts caution against broadening injunctive relief beyond the issues tried. *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984). The Second Circuit has likewise required injunctions to be "specific and narrowly tailored." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

Here, Plaintiffs effectively seek to conscript GoDaddy as an enforcement arm of the injunction. That is not the role of Rule 65 and risks burdening Defendants with disputes wholly

outside their control.

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.

At a minimum, Defendants request clarification that their obligations remain confined to compliance with the TRO and Preliminary Injunction Orders as entered, and that Plaintiffs must pursue any relief against GoDaddy through the proper procedural mechanisms.

Date: August 31, 2025.

Respectfully submitted,

By: /s/ *Timothy Raju Mahajan*
TIMOTHY RAJU MAHAJAN ESQ.
Bar number: 21622,
Phone: (202) 600-0455,
*Attorney for Defendants.*