**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUZAKKIR HOSSAIN and SHAKHAWAT HASSAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MEDIASTAR LIMITED d/b/a CHORKI,<br><br>Defendant. | Case No. 1:24-cv-01201-KPF<br><br>Hon. Katherine P. Failla |

**DECLARATION OF YITZCHAK KOPEL IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Yitzchak Kopel, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs in this action. I am an attorney at law licensed to practice in the State of New York and in this District. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. When users subscribe to the Chorki Service, they are asked to input their personal information, including their email addresses and payment information.

3. The total size of the putative Class exceeds the [redacted] individuals stated in the third-party document production from Apple. *See* ECF No. 48-8. With the inclusion of the subscriber numbers from Stripe, Inc. (*see* Exhibit 2) and Google LLC (*see* Exhibit 3), the Class is estimated to include at least [redacted].

4. Plaintiffs were both highly invested in this action and cooperated extensively with Plaintiffs' counsel in the litigation process. Plaintiffs demonstrated their commitment to pursue these claims on behalf of absent Class Members by retaining competent counsel, reviewing the Complaint, searching for and producing documents to assist in the litigation investigation, and

keeping in frequent contact with counsel regarding the status of the case. Further, both Plaintiffs were prepared to sit for a deposition, and, if needed, to testify at trial.

5. Plaintiffs' counsel has identified the third-party payment processors who receive and manage the payments of every Chorki Service user, including through both App platforms and on the Website. These include Apple, Google, Stripe, Inc., and Paypal, Inc.

6. As of approximately October 31, 2024, Defendant no longer employed Viewlift as its OTT platform. However, for at least a portion of the relevant Class Period, Defendant employed the Viewlift SDK on the iOS App.

7. No prior cases have commenced against Defendant for a VPPA cause of action.

8. Around September 2024, after filing the Complaint, Plaintiffs' counsel's investigation uncovered that Viewlift, Inc. is neither owned nor controlled by Amazon Web Services, Inc., or an Amazon affiliated entity. As such the SDK identified in the Complaint that Plaintiffs had originally associated with AWS and Viewlift through the dynamic analysis actually belongs solely to Viewlift, Inc.

9. Attached hereto as **Exhibit 1** is a true and correct copy of the September 11, 2024 email from Shubham Gupta to Victoria Zhou, titled "Subpoena Served in WizRocket, Inc. in case: Hossain v. Mediastar Limited d/b/a Chorki, Case No. 1:24-cv-01201 (SDNY)".

10. Attached hereto as **Exhibit 2** is a true and correct copy of the third-party document production from Stripe, Inc., detailing the total number of Chorki Website users who paid for their subscriptions on the Website using Stripe from February 16, 2022 through October 16, 2024. [redacted]

11. Attached hereto as **Exhibit 3** is true and correct copy of the third-party document

production from Google LLC, detailing the approximate range of Chorki Android App users who paid for their subscriptions on the Android App from February 16, 2022 through October 27, 2024. [redacted]

12. Attached hereto as **Exhibit 4** is a true and correct copy of Bursor & Fisher, P.A.'s Firm Resume.

13. Attached hereto as **Exhibit 5** is a true and correct copy of an email from Apple confirming Plaintiff Shakhawat Hassan's purchase of a half-yearly Chorki subscription.

14. Attached hereto as **Exhibit 6** is a true and correct copy of a screenshot depicting Plaintiff Muzakkir Hossain's purchased annual Chorki subscription, as viewed from his Apple App Store account.

15. Attached hereto as **Exhibit 7** is a true and correct copy of an email from counsel for Apple in this action explaining that Viewlift, Inc. is not owned nor operated by Apple, but instead is a separate entity.

16. Attached as **Exhibit 8** is a true and correct reproduction of the relevant portions of the network transmission from the dynamic analysis made in this case. For clarity, Plaintiffs' counsel and their technological expert have only reproduced the portions that are relevant to this action instead of reproducing the entirety of the captured code.

17. Attached as **Exhibit 9** is a true and correct reproduction of the third-party document production from Apple detailing the total number of Chorki iOS users who paid for their subscriptions through the App Store from February 16, 2022 through August 7, 2024. [redacted]

I declare under penalty of perjury that the foregoing is true and accurate to the best of my

knowledge. Executed on April 17, 2026 in Paramus, New Jersey.

*/s/ Yitzchak Kopel*
Yitzchak Kopel